UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN DAVID BOWDOIN #410856                     CIVIL ACTION

VERSUS                                          NUMBER: 21-1713

CORRECT HEALTH                                  SECTION: "J"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Bryan David Bowdoin, against Defendant, Correcthealth, a private corporation that provides medical services at various prison facilities. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the Franklin Parish Detention Center ("FPDC") in Winnsboro, Louisiana, who was previously confined in the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. (Rec. doc. 1, pp. 2-6). While so housed at JPCC, Plaintiff alleges that he was not promptly provided with medication for the treatment of Bell's palsy which had been prescribed by a physician at the University Hospital in New Orleans, resulting in residual deficits. (*Id.*). Plaintiff seeks an unspecified amount of compensatory damages, the appointment of counsel, and payment of all fees and expenses. (*Id.* at p. 7).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the

undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As a private corporation which performs traditional state functions, such as the provision of medical care to prison inmates, Correcthealth is considered to be a "state actor" for purposes of §1983. *Richardson v. Plaquemines Parish Detention Center*, No. 19-CV-10926, 2020 WL 5217017 at *5 (E.D. La. Aug. 12, 2020), *adopted*, 2020 WL 5209302 (E.D. La. Sept. 1, 2020); *Whittington v. Normand*, No. 16-CV-1702, 2016 WL 8213259 at *2 (E.D. La. Sept. 14, 2016), *adopted*, 2017 WL 497802 (E.D. La. Feb. 7, 2007). However, even as a private provider of medical care on behalf of prison officials, Correcthealth cannot be held liable under §1983 for the actions of its subordinates or employees on a theory of *respondeat superior*. *Id.* A §1983 claim cannot be premised on the theory of *respondeat superior*. *Whittington*, 2016 WL 8213259 at *2 (citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). Instead, there must be an individual basis for liability under §1983. *Richardson*, 2020 WL 5217017 at *5. "For purposes of §1983 claims, CorrectHealth is treated as a municipality or parish." *Id.* "Thus, CorrectHealth would be liable under §1983 [only] if the alleged violations of [Plaintiff's] rights was the result of the unconstitutional implementation or execution of a CorrectHealth policy, directive, or custom." *Id.* (citing *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 663 & 690-91 (1978)).

Other than naming Correcthealth as the sole Defendant herein in the caption of and again on page four of his complaint, Plaintiff's principal pleading is otherwise silent as to any valid bases upon which the corporation itself violated his constitutional rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries. Given that omission and because Correcthealth cannot be held vicariously liable

for the actions of its employees, Plaintiff's lawsuit should be dismissed as frivolous and for failure to state a claim under §1983. *Richardson*, 2020 WL 5217017 at *5; *Whittington*, 2016 WL 8213259 at *3.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  29th  day of      September      , 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

3